UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN GREGORY THOMPSON,<br><br>             Plaintiff,<br><br>      vs.<br><br>PFEIFFER, et al.,<br><br>             Defendants. | 1:20-cv-01619-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE**<br><br>**AND**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ONLY WITH THE EXCESSIVE FORCE CLAIMS AGAINST DEFENDANTS DOZER AND NAVA, THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

Rahn Gregory Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.  On November 16, 2020, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)

The Complaint names 20 Defendants: (1) C. Pfeiffer (Warden); (2) Sergeant D. Stanley; (3) Sergeant D. Badger; (4) Sergeant S. Sargent; (5) Correctional Officer (C/O) D. Dozer; (6)

C/O D. Nava; (7) C/O Rios; (8) C/O Hernandez; (9) C/O K. Martinaze; (10) A. Zepp (Medical Doctor); (11) T. Standon (Medical Doctor); (12) T. Kamen (Medical Doctor); (13) D. Stebbins (ADA Coordinator); (14) Sergeant Williams; (15) C/O Edmonson; (16) C/O Jacobe; (17) C/O Houlquin; (18) Sergeant R. Chanelo; (19) Sergeant M. Espinsa; and (20) Jamie (Warden) (collectively, "Defendants"), and brings claims for excessive force, failure to protect, denial of medical care, retaliation, improper prison appeals process, false disciplinary report, negligence, and violation of the ADA. (Id.)

The court screened the Complaint and found that it states cognizable claims under the Eighth Amendment against defendants C/O Dozer and C/O Nava for use of excessive force, but no other cognizable claims. (ECF No. 10.) On March 20, 2022, the court issued a screening order requiring Plaintiff to either (1) notify the court that he is willing to proceed only with the claims found cognizable by the court, or (2) file a First Amended Complaint. (Id.)

On March 28, 2022, Plaintiff notified the court that he is willing to proceed only with the claims found cognizable by the court. (ECF No. 11.)

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This action proceed only on Plaintiff's claims against defendants C/O Dozer and C/O Nava for use of excessive force in violation of the Eighth Amendment;

2. All remaining claims and defendants be dismissed from this action;

3. Plaintiff's claims for failure to protect, denial of medical care, retaliation, improper prison appeals process, false disciplinary report, negligence, and violation of the ADA be dismissed from this action based on Plaintiff's failure to state any claims upon which relief may be granted;

4. Defendants Pfeiffer, Stanley, Badger, Sargent, Rios, Hernandez, Martinaze, Zepp, Standon, Kamen, Stebbins, Williams, Edmonson, Jacobe, Houlquin, Chanelo, Espinsa, and Jamie be dismissed from this action based on Plaintiff's failure to state any claims against them upon which relief may be granted; and

5. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 19, 2022**                                **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE