UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN GREGORY THOMPSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PFEIFFER, et al.,<br><br>　　　　Defendants. | 1:20-cv-01619-ADA-GSA (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER BY THE DISTRICT JUDGE<br><br>(ECF No. 25.) |

　　　　Plaintiff Rahn Gregory Thompson is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132.

　　　　On November 16, 2020, Plaintiff filed the complaint commencing this action against defendants Dozer and Nava for use of excessive force in violation of the Eighth Amendment. (ECF No. 1.)  On August 18, 2022, the assigned Magistrate Judge issued an order granting Defendants a 90-day extension of time to file a pleading responsive to Plaintiff's complaint. (ECF No. 23.)  On September 16, 2022, Plaintiff filed objections to the order, addressing his objections to District Judge Ana de Alba.  (ECF No. 25.)  The Court construes Plaintiff's objections as a request for reconsideration of the Magistrate Judge's order

///

///

1

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate Judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection. This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" Local Rule 303(c). "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A). See Fed. R. Civ. P. 72(a)." Local Rule 303(f). "The district judge in the case must consider timely objections and modify or set aside any part of [a Magistrate Judge's non-dispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A party may serve and file objections to the order within 14 days after being served with a copy[, and a] party may not assign as error a defect in the order not timely objected to." *Id*.

Plaintiff requests reconsideration of the Magistrate Judge's decision to grant Defendants a 90-day extension of time to file a responsive pleading. However, Plaintiff did not raise objections to the ruling until September 16, 2022, even though the ruling was docketed and served 29 days earlier on August 18, 2022. Thus, Plaintiff failed to raise his objections within the 14-day deadline established by Rule 72(a), making Plaintiff's motion untimely. Therefore, Plaintiff's motion shall be denied as untimely.

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's request for reconsideration, filed on September 16, 2022, is DENIED as untimely.

IT IS SO ORDERED.

Dated:   September 28, 2022

_____
UNITED STATES DISTRICT JUDGE