UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN GREGORY THOMPSON, | **1:20-cv-01619-ADA-GSA-PC** |
| Plaintiff, | **ORDER APPROVING PARTIES' STIPULATION TO EXTEND DEADLINES IN COURT'S SCHEDULING ORDER (ECF No. 33.)** |
| vs. | |
| PFEIFFER, et al., | **ORDER EXTENDING DISCOVERY DEADLINE AND DEADLINE TO FILE DISPOSITIVE MOTIONS FOR ALL PARTIES** |
| Defendants. | |
| | **New Discovery Deadline:**          **August 31, 2023** |
| | **New Dispositive Motions Deadline:**    **October 30, 2023** |

**I.      BACKGROUND**

Rahn Gregory Thompson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This case now proceeds against defendants Correctional Officer (C/O) D. Dozer and C/O D. Nava for use of excessive force in violation of the Eighth Amendment. (ECF No. 14.)

On December 1, 2022, the court issued a Discovery and Scheduling Order establishing pretrial deadlines for the parties, including a discovery deadline of June 1, 2023, and a dispositive motions deadline of August 1, 2023. (ECF No. 30.)

1

On July 17, 2023, the parties filed a stipulation and proposed order amending the discovery and dispositive motions deadlines in the court's Discovery and Scheduling Order. (ECF No. 33.)

## II.   MODIFICATION OF SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the modification. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The parties to this case have stipulated to a 90-day extension of the discovery and dispositive motions deadlines in the court's Discovery and Scheduling Order, solely to facilitate Plaintiff's responses to Defendants' discovery requests. The parties' proposed schedule is for discovery, including the filing of any motions to compel, to be completed on or before August 31, 2023, and for dispositive motions be filed on or before October 30, 2023.

The court finds good cause to extend the discovery and dispositive motions deadlines in the court's Discovery and Scheduling Order. The parties have shown that even with the exercise of due diligence, they cannot meet the requirements of the order. Therefore, the parties' stipulation shall be approved and the deadlines shall be extended.

## III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   The parties' stipulation to modify the court's Discovery and Scheduling Order, filed on July 17, 2023, is approved in full;

2.   The deadline for the completion of discovery, including the filing of any motions to compel, is extended from June 1, 2023 to **August 31, 2023** for all parties to this action, solely to facilitate Plaintiff's responses to Defendants' discovery requests;

3. The deadline for filing and serving pretrial dispositive motions is extended from August 1, 2023 to **October 30, 2023** for all parties to this action; and

4. All other provisions of the court's December 1, 2022 Discovery and Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **July 18, 2023**             **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE