UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN GREGORY THOMPSON, | No. 1:20-cv-01619 KES GSA (PC) |
| Plaintiff, | ORDER DIRECTING DEFENDANT, IN LIGHT OF FILED NOTICE OF SUGGESTION OF DEATH (ECF No. 51), TO: |
| v. | |
| C. PFEIFFER, et al., | (1) SERVE CERTAIN ADDITIONAL DOCUMENTS ON PLAINTIFF'S NEXT OF KIN; |
| Defendants. | |
| | (2) FILE NOTICE OF SAME WITH THE COURT, AND |
| | (3) FILE THE SERVICE ADDRESS OF PLAINTIFF'S NEXT OF KIN UNDER SEAL |
| | (See ECF No. 51) |
| | DEFENDANTS' COMPLIANCE WITH THIS ORDER DUE IN SEVEN DAYS |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983. It appears that he has passed away since the filing of this action. See ECF No. 51. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. This matter is currently at the dispositive motion phase of the proceedings.

1

In light of the notice of suggestion of death recently filed (see ECF No. 51), defense counsel will be ordered to file under seal the service address of Plaintiff's next of kin. The Court will also order the service of documents on Plaintiff's next of kin that relate to Defendants' pending motion for summary judgment. ECF Nos. 43, 49, 50 (motion for summary judgment; opposition; reply, respectively). Finally, counsel for Defendants will be ordered to file notice with the Court, indicating that said documents have been served. Counsel will be given seven days to comply with this order.

I. BACKGROUND

A. Relevant Procedural History

Prior to Plaintiff's death, he was imprisoned at Mule Creek State Prison ("MCSP"). See ECF No. 28 (notice of change of address). His original complaint was docketed in this matter on November 16, 2020. ECF No. 1. Thereafter, the matter was screened and on June 14, 2022, it was ordered served on Defendants. ECF Nos. 10, 13, 14, 16 (screening order; findings and recommendations; order adopting same; service order, respectively).

On January 23, 2024, Defendants filed a motion for summary judgment. ECF No. 43. On March 25, 2024, Plaintiff filed an opposition to Defendants' motion. ECF No. 49. Defendants filed their reply to Plaintiff's opposition on April 8, 2024. As a result, the matter was deemed submitted and ready for the Court's review.

B. Suggestion of Death Filed

On November 4, 2024, counsel for Defendants filed the instant notice of suggestion of death. ECF No. 51. In it, defense counsel states that on October 31, 2024, MCSP's litigation coordinator confirmed that Plaintiff had passed away. Id. at 1-2.

According to counsel, Plaintiff's file at the California Department of Corrections and Rehabilitation indicated that ShaRahn P. Thompson-Lewis is Plaintiff's next of kin. ECF No. 51 at 2. Based on this fact, and consistent with Federal Rules of Civil Procedure 4 and 25(a)(3), as well as relevant case law, defense counsel has stated he will serve the notice of suggestion of death as well as a copy of the operative complaint on Mr. / Ms. Thompson-Lewis. Id.

II.   DISCUSSION

Federal Rule of Civil Procedure 25 governs the substitution of parties upon the death of a litigant.  See generally Fed. R. Civ. P. 25.  When the death of a plaintiff occurs, the rule permits the substitution of another party in that plaintiff's stead when the deceased plaintiff's claims are not extinguished.  See id.  Under it, a successor or representative who wishes to stand in a decedent's place has ninety days from the date that a notice of suggestion of death is served to file a motion for substitution with a court.  Fed. R. Civ. P. 25(a)(1).  If this is not done within the ninety-day time period, a plaintiff's action must be dismissed.  Id.

Although defense counsel has stated his intent to serve Plaintiff's complaint and the notice of suggestion of death on Plaintiff's next of kin, ShaRahn P. Thompson-Lewis, given that this matter is at the dispositive stage of the proceedings, and the fact that Defendants' motion for summary judgment is fully briefed and submitted, the Court finds that Defendants' motion for summary judgment, Plaintiff's opposition, Defendants' reply, a copy of Rule 25 and a copy of this order should be served on ShaRahn P. Thompson-Lewis in order to provide that person with a complete picture of the status of these proceedings.  To that end, defense counsel will be ordered to:  (1) serve ShaRahn P. Thompson-Lewis with the summary judgment documents as well as a copy of Federal Rule of Civil Procedure 25 and a copy of this order; (2) file a notice with the Court stating said service has been completed, and (3) file the service address of ShaRahn P. Thompson-Lewis under seal so that the Court has an updated address for Plaintiff's next of kin in its records.[1]

Accordingly, IT IS HEREBY ORDERED that within seven days of the date of this order, Defendants shall:

1. SERVE Plaintiff's next of kin, ShaRahn P. Thompson-Lewis with the following:

   a. Defendants' motion for summary judgment (ECF No. 43);

   b. Plaintiff's opposition to Defendants' motion for summary judgment (ECF No. 49);

---

[1] It appears that Documents filed in this case are still being sent to Plaintiff at MCSP.  See ECF No. 51 (html receipt).  This address for Plaintiff will be changed should Plaintiff's next of kin choose to be substituted into this action in Plaintiff's stead.

      c.  Defendants' reply to Plaintiff's opposition to Defendants' motion for summary judgment (ECF No. 50);

      d.   a Copy of Federal Rule of Civil Procedure 25, and

      e.  A copy of this order;

2.  FILE NOTICE with the Court of said service, and

3.  FILE the current / service address of Plaintiff's next of kin, ShaRahn P. Thompson-Lewis, UNDER SEAL.

IT IS SO ORDERED.

Dated:   **November 14, 2024**                              **/s/ Gary S. Austin**
                                                                                    UNITED STATES MAGISTRATE JUDGE