UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAHN GREGORY THOMPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C. PFEIFFER, et al.,<br><br>　　　　Defendants. | No. 1:20-cv-01619 KES GSA (PC)<br><br>FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING SUMMARY DISMISSAL AND CLOSURE OF CASE IN LIGHT OF VERIFICATION OF PLAINTIFF'S DEATH AND ABSENCE OF SUBSTITUTION |

　　　　Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action seeking relief under 42 U.S.C. § 1983. He has passed away after the filing of this action. See ECF No. 51. At the time of Plaintiff's death, this matter was at the summary judgment phase of the proceedings. See ECF Nos. 43, 49, 50 (Defendant's fully briefed motion for summary judgment)

　　　　Given that Defendant's motion for summary judgment had been fully briefed at the time that Plaintiff passed away, thereafter on November 15, 2025, consistent with Federal Rule of Civil Procedure 25, the Court ordered that the filings that were related to Defendants' motion for summary judgment as well as a copy of Rule 25 be served on Plaintiff's next of kin, ShaRhan P. Thompson-Lewis. ECF No. 52 at 3-4. This was done in order to provide him/her with a complete picture of the status of these proceedings and to provide him/her with an opportunity to substitute himself/herself into this case in place of Plaintiff. See generally id. at 3.

1     On December 2, 2024, the Court's order was returned marked "Undeliverable, Inactive."
2  Thereafter, it was determined that its return was due to that fact that it had been sent to the prison
3  at which Plaintiff had been incarcerated at the time of his death instead of to Plaintiff's next of
4  kin.  See ECF No. 57 at 2.  As a result, on December 12, 2024, the Court ordered that the returned
5  order and related documents that had been served with it be re-served on Plaintiff's next of kin at
6  his/her address, which had been filed under seal.  Id.

7     In accordance with Rule 25, more than ninety days have passed since Plaintiff's next of
8  kin, ShaRahn P. Thompson-Lewis, was served with the summary judgment documents and Rule
9  25.  However, during this period, s/he has not filed anything with the Court indicating that s/he
10 would like to substitute herself/himself into this case in Plaintiff's place.  For these reasons, the
11 undersigned will recommend that this matter be summarily dismissed.  However, despite the fact
12 that Plaintiff is deceased, out of an abundance of caution, Defendants and Plaintiff's next of kin
13 will be given the opportunity to file objections to this order.  They will be given fourteen days to
14 do so.

15     Accordingly, IT IS HEREBY RECOMMENDED that:
16     1. Defendants' motion for summary judgment (ECF No. 43) be DENIED as moot;
17     2. This matter be SUMMARILY DISMISSED, and
18     3. This case be CLOSED.

19     These findings and recommendations are submitted to the United States District Judge
20 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
21 after being served with these findings and recommendations, any party may file written
22 objections with the Court.  Such a document should be captioned "Objections to Magistrate
23 Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

24     The Court will not consider exhibits attached to the objections.  To the extent that a party
25 wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by
26 its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed
27 in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the
28 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  A party's failure to file

objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 4, 2025**  /s/ Gary S. Austin
                                                             UNITED STATES MAGISTRATE JUDGE